UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD JEROME POLK,<br><br>                            Petitioner,<br>      v.<br>STATE OF NEVADA,[1] et al.,<br><br>                            Respondents. | Case No. 2:21-cv-00513-RFB-DJA<br><br>Order Granting Motion to Dismiss in Part<br>and Granting Motion to Seal<br>(ECF Nos. 18, 32) |

Respondents move to dismiss certain claims in Gerald Jerome Polk's *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus as unexhausted. (ECF No. 18.) The docket reflects that the motion was served on Polk at his address of record. Polk has not responded to the motion in any way. The court concludes that some claims are unexhausted, and therefore, grants the motion in part.

**I.     Procedural History and Background**

The State of Nevada indicted Polk on one count of murder with use of a deadly weapon (count 1) and six counts of possession of firearm by a prohibited person (counts 2-7). Exhibit 3.[2] The state district court granted Polk's motion to sever counts 3-7. See

---

[1] Respondents requests that Southern Desert Correctional Center Warden William Hutchings be substituted as the proper respondent in this matter. At the end of this order, the court directs the Clerk to substitute William Hutchings for prior respondent State of Nevada, under, *inter alia*, Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 18, and are found at ECF Nos. 19-30.

1

exhs. 16, 26. The trial court further ordered count 2 bifurcated from count 1 pursuant to Brown v. State, 967 P.2d 1126, 1131 (Nev. 1998). Exh. 26. The prosecutor filed an amended indictment as to counts 1 and 2. Exh. 33. Polk pleaded not guilty and proceeded to trial. See exh. 37. The court granted a mistrial after a detective referred to the firearms related to counts 3-7. Exh. 39, pp. 133-140.

In October 2018, Polk entered into a plea agreement, pleading guilty to count 1 – voluntary manslaughter and counts 2 & 3 – ownership or possession of firearm by prohibited person. Exh. 50. The state district court sentenced him to an aggregate term of 10 to 26 years. Exh. 55. Judgment of conviction was entered on December 12, 2018. Exh. 56.

Polk did not pursue a direct appeal. He filed four motions to modify his sentence, based in part on an alleged error in his presentence investigation report. Exhs. 72, 85, 86, 102, 113. The trial court denied the motions, finding no legal basis to modify his sentence. Exhs. 83, 90.

Polk filed a pro se state postconviction petition for a writ of habeas corpus in January 2019. Exh. 58. The state district court denied the petition without prejudice because Polk failed to comply with the statutory form requirements. Exh. 77. Polk filed a second state postconviction petition in June 2019. Exh. 76. The Nevada Court of Appeals affirmed the denial of the second petition in December 2020. Exh. 190.

Polk dispatched his original federal habeas petition for filing in March 2021. (ECF No. 9.) Respondents now move to dismiss certain claims as unexhausted. (ECF No. 18.) As noted above, Polk has not responded to the motion in any way.[3]

---

[3] The failure of an opposing party to file points and authorities in response to a motion constitutes consent to granting the motion. Local Rule 7-2(d). Moreover, having reviewed the state-court record, the court agrees that three of Polk's claims are in fact unexhausted.

## II. Legal Standard & Analysis

### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." Picard v. Connor, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. Ybarra v. Sumner, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing Picard, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995); see Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. Bland v. California Dept. Of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. See Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988); Pappageorge v. Sumner, 688 F.2d 1294, 1295 (9th Cir. 1982); Johnstone v. Wolff, 582 F. Supp. 455, 458 (D. Nev. 1984).

### b. Challenged Grounds

**Ground 1**

Polk contends that his plea counsel was ineffective for not objecting to the promises the trial court made, namely the alleged promise that Polk would not receive the maximum sentences. (ECF No. 9, p. 3.) Polk did not present this claim to the Nevada Court of Appeals. See exhs. 177, 190. Accordingly, ground 1 is unexhausted.

**Ground 3(b)**

Polk asserts that (3(a)) the trial court coerced him into entering a plea and that (3(b)) trial counsel was ineffective for allowing that coercion. (ECF No. 9, p. 8.) Respondents are correct that Polk only presented 3(a) to the Nevada Court of Appeals. See exhs. 177, 190, pp. 4-5. Ground 3(b), therefore, is unexhausted.

**Ground 4**

Polk contends that his trial counsel was ineffective for failing to properly investigate his case. (ECF No. 9, p. 10.) Polk did not raise this claim in his appeal of the denial of his state postconviction petition. See exhs. 177, 190. Ground 4 is unexhausted. Respondents also argue that this claim is moot to the extent that Polk claims that trial counsel's ineffectiveness negatively affected his trial because the court declared a mistrial. When a petitioner pleaded guilty upon the advice of counsel, he "may only attack the voluntary

and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective] . . . . and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 56-57, 59 (1985); Lambert v. Blodgett, 393 F.3d 943, 980-981 (9th Cir. 2004). If trial counsel was ineffective in the handling of the investigation of Polk's case, it could have impacted the voluntary nature of his subsequent plea. While ground 4 is unexhausted, the court declines to dismiss it as moot.

   III.   **Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. Rose v. Lundy, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. Id. Here, the court finds that grounds 1, 3(b) and 4 are unexhausted. Because the court finds that the petition contains an unexhausted claim, petitioner has these options:

   1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

   2.   He may return to state court to exhaust his unexhausted claims in which case his federal habeas petition will be denied without prejudice; or

   3.   He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276, (2005). The Rhines Court stated:

   [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner

      had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Id. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV.     Motion to Seal Exhibit**

Finally, respondents have moved for leave to file Polk's presentence investigation report under seal (PSI). (ECF No. 32.) While there is a presumption favoring public access to judicial filings and documents, see Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. Kamakana, 447 F.3d at 1179 (citing Nixon, 435 U.S. at 598). Here, respondents ask to file the PSI under seal because it contains confidential information, including Polk's identifiers and social security number. Further, NRS 176.156(5) provides that the contents of a PSI are confidential and must not be made a

part of any record. Respondents have demonstrated compelling reasons to seal these records. Accordingly, the court grants the motion to seal. (ECF No. 32.)

### V. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 18) is granted in part as follows:

Grounds 1, 3(b), and 4 are **UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner has **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents will have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner will have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion to for leave to file exhibit under seal (ECF No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of the Court is directed to substitute William Hutchings for Respondent State of Nevada.

DATED: 23 August 2022.

                                                                        _____
                                                                        RICHARD F. BOULWARE, II
                                                                        UNITED STATES DISTRICT JUDGE