UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD JEROME POLK,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM HUTCHINGS, et al.,<br><br>Respondents. | Case No. 2:21-cv-00513-RFB-DJA<br><br>**Order Denying Motion for Stay and Abeyance**<br><br>(ECF No. 36) |

In August 2022, the Court granted respondents' motion to dismiss certain claims in Gerald Jerome Polk's pro se 28 U.S.C. § 2254 habeas corpus petition as unexhausted. (ECF No. 35). Polk challenges his conviction pursuant to a guilty plea of charges including voluntary manslaughter with use of a deadly weapon; the state district court sentenced him to an aggregate term of 10 to 26 years. (Exhs. 50, 56.)[1] Because the petition contained exhausted and unexhausted claims, the court directed Polk to choose to either: submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; return to state court to exhaust his unexhausted claims, in which case his federal habeas petition would be denied without prejudice; or file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims. In response, Polk filed a motion for stay and abeyance in order that he may return to state

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 18, and are found at ECF Nos. 19-30.

court to exhaust his unexhausted claims. (ECF No. 36.) Respondents filed an opposition, and Polk filed a reply. (ECF Nos. 37, 38.).

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines v. Weber, 544 U.S. 269, 273-75 (2005); Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in Rhines"). Under the Rhines test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing Rhines, 544 U.S. at 278). Rhines does not state or suggest that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements for a stay.

The Ninth Circuit has acknowledged that the Rhines "good cause" standard does not require "extraordinary circumstances." Id. at 1024 (citing Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). But, courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Id. (citing Jackson, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Id. (citing Rhines, 544 U.S. at 276-77).

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id. In Pace v. DiGuglielmo, the Supreme Court

2

indicated that the standard is not particularly stringent: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." 544 U.S. 408, 416 (2005), (citing Rhines, 544 U.S. at 278). See also Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by Rhines).

Polk raises four main claims in his federal petition:

1. His plea counsel was ineffective for not objecting to the promises the trial court made that Polk would not receive the maximum sentences.

2. His trial counsel was ineffective for pressuring Polk into accepting a plea deal instead of proceeding with a motion to dismiss based on double jeopardy.

3. (a) His trial counsel coerced him into entering the plea; and (b) trial counsel was ineffective for allowing the trial court to coerce him into entering a guilty plea.

4. His trial counsel failed to properly investigate his case.

(ECF No. 9 at 3-8.)

This court concluded that grounds 1, 3(b), and 4 were unexhausted. (ECF No. 35 at 4-5.) Polk argues that he can demonstrate good cause for failure to exhaust the claims because the state district court dismissed his first state postconviction petition for failure to comply with the statutory form requirements. (ECF No. 36 at 1-2.) He argues that the district court was prevented from hearing his claims due to a "tiny technical error on [his] part." (Id. at 2.) Polk is correct that the court dismissed the petition. (Exh. 77.) The state district court, however, dismissed the petition without prejudice and with leave to amend. Polk then filed a timely amended petition, raising several claims of ineffective assistance of counsel, which the state district court denied on the merits. (Exhs. 64, 77.) The Nevada Court of Appeals affirmed the denial of the petition. (Exhs. 177, 190.) Accordingly, Polk fails to demonstrate good cause. The record—which reflects that Polk raised and exhausted other claims of ineffective assistance of counsel—belies his contention that

technical error and lack of knowledge of the judicial system prevented him from exhausting these three ineffective assistance claims.

Polk also contends that the claims have merit. (ECF No. 36 at 2-3.) But, because he fails to show good cause, he has not demonstrated under <u>Rhines</u> that a stay should be granted. His motion, therefore, is denied.

As the court denies the stay, Polk must now elect from two options:

    1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; or

    2.    He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice.

Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner has **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer should contain all substantive and procedural arguments as to all surviving

grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner has **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that, if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 28 April 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

5